IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 09-471-4 |
| | : | |
| RICHARD MOQUETE | : | |

**O R D E R**

After an eleven-day trial, the jury convicted Defendant Richard Moquete of various drug offenses arising from his participation in a large-scale cocaine distribution conspiracy. (Doc. Nos. 225, 228.) In the PSR, Probation found that Defendant was responsible for distributing more than 1,500 kilograms of cocaine—a finding amply supported by the trial evidence. (Doc. No. 280 (citing PSR ¶¶ 43-54).) Probation further determined that Defendant had a Category I criminal history, a base offense level of 38, and was eligible for a three-point sentencing enhancement, thus resulting in a total offense level of 41 and an advisory Guidelines range of 324 to 405 months imprisonment. PSR ¶ 48. On May 22, 2012, I sentenced Defendant to a low-end Guidelines sentence of 324 months imprisonment, a five-year term of supervised release, and a $500 special assessment. (Doc. No. 289.) The Third Circuit affirmed Defendant's sentence on April 25, 2013. United States v. Moquete, 517 F. App'x 115 (3d Cir. 2013) (upholding, *inter alia*, my application of a three-point enhancement for Moquete's role as a "manager or supervisor").

On October 27, 2016, Defendant moved *pro se* for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 782. (Doc. No. 403); see United States v. Powell, 798 F.3d 431, 442 (6th Cir. 2015) (explaining that Amendment 782 reflects the Department of Justice's "Drugs Minus Two" drug-sentencing policy). The Government has opposed the Motion. (Doc. No. 405.) Because Defendant is ineligible for a sentence reduction, I will deny his Motion.

Section 3582(c)(2) allows a court to reduce a defendant's sentence only if: "(1) the sentence was 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) 'a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.'"  United States v. Ware, 641 F. App'x 108, 110 (3d Cir. 2016) (quoting 18 U.S.C.3582(c)(2) and United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013)).

Defendant cannot satisfy the second requirement: his requested reduction would be inconsistent with the Commission's policy statement, which bars any reduction pursuant to a retroactive Guidelines Amendment (like Amendment 782) that "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); United States v. Jones, No. 16-1174, 2016 WL 4245429, at *2 (3d Cir. Aug. 11, 2016) ("Under 18 U.S.C. 3582(c)(2), a court may modify a defendant's term of imprisonment if it was 'based on a sentencing guideline range that has been subsequently lowered by the Sentencing Commission.' But if the revised offense guidelines do not have the 'effect of lowering the defendant's applicable guideline range,' a sentencing reduction is not warranted.").

Amendment 782 raised the amount of cocaine necessary to qualify for a base offense level of 38 from 150 kilograms to 450 kilograms.  See U.S.S.G. § 2D1.1(c)(1) (drug quantity table).  At sentencing, I determined that Defendant was responsible for the distribution of at least 1,500 kilograms of cocaine.  Accordingly, even if Defendant were sentenced today, his base offense level would remain 38 and, given his three-level sentencing enhancement, his Guidelines range would remain 324 to 405 months imprisonment.  In these circumstances, Defendant is ineligible for the requested sentence reduction because Amendment 782 "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

**AND NOW**, this 13th day of December, 2016, upon consideration of Defendant's Motion for Sentence Reduction (Doc. No. 403), the Government's Response (Doc. No. 405), and the entirety of the record, it is hereby **ORDERED** that Defendant's Motion (Doc. No. 403) is **DENIED**.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

_____
Paul S. Diamond, J.